2021 IL App (1st) 192482-U

No. 1-19-2482

Order filed September 8, 2021

Third Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| JOZEF WYSOCKI, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County. |
| | ) | |
| v. | ) | No. 19 M1 40022 |
| | ) | |
| KONJIT M. WOLDEGIRME, | ) | Honorable |
| | ) | Robert F. Harris, |
| Defendant-Appellee. | ) | Judge, presiding. |

_____

JUSTICE ELLIS delivered the judgment of the court.
Justices McBride and Howse concurred in the judgment.

**ORDER**

¶ 1    *Held*: Affirmed. Absent report of proceedings, we must assume trial court's findings conformed to law and had sufficient factual basis.

¶ 2    Plaintiff Jozef Wysocki appeals, *pro se*, from the trial court's order finding in favor of defendant Konjit M. Woldegirme on plaintiff's negligence complaint seeking damages for an automobile accident. Plaintiff argues the court's judgment contravenes the law and the facts. We affirm.

¶ 3    Defendant has not filed a responsive brief. On this court's own motion, we ordered the case taken on plaintiff's brief only. See *First Capital Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 133 (1976).

¶ 4    The record on appeal does not include reports of proceedings. The common law record shows that on January 16, 2019, plaintiff filed a *pro se* complaint in the trial court against defendant. The complaint alleges that on July 17, 2018, defendant negligently struck plaintiff's vehicle near the 4000 block of North Lincoln Avenue, causing estimated damages in the amount of $2,200. On November 7, 2019, the trial court entered a written judgment for defendant after trial, noting that the parties would "bear their own costs." The order reflects both plaintiff and defendant were before the court.

¶ 5    On December 18, 2019, this court granted plaintiff leave to file a late notice of appeal in the circuit court, which he did the same day.

¶ 6    On appeal, plaintiff argues that defendant lied to the trial court and that he had the right of way when defendant struck his vehicle. Plaintiff asserts that the trial court refused to "properly" hear his and his passenger's testimony, failed to consider a modified police report he obtained, and decided in defendant's favor in contravention of the traffic laws and the facts.

¶ 7    As an initial matter, plaintiff's *pro se* brief fails to comply with the majority of the requirements of Illinois Supreme Court Rule 341 (eff. May 25, 2018), which "governs the form and content of appellate briefs." *McCann v. Dart*, 2015 IL App (1st) 141291, ¶ 12. Without belaboring all of the inadequacies in plaintiff's brief, we specifically point out that it fails to comply with subsections (h)(6) and (h)(7) of Rule 341.

¶ 8    Subsections (h)(6) and (h)(7) of Rule 341 require an appellant's brief to contain both a statement of facts necessary for this court's understanding of the case, as well as an argument with "the contentions of the appellant and the reasons therefor, with citation of the authorities and the pages of the record relied on." Ill. S. Ct. R. 341(h)(6), (7) (eff. May 25, 2018). The drafter is required to cite to the pages and volume of the record to which he refers throughout these sections "so that we are able to assess whether the facts [he] presents are accurate and a fair portrayal of the events in this case." *In re Marriage of Hluska*, 2011 IL App (1st) 092636, ¶ 58; Ill. S. Ct. R. 341(h)(6), (7) (eff. May 25, 2018).

¶ 9    Plaintiff's brief complies with none of these requirements. It solely consists of a factual recitation of the case, from his viewpoint. Plaintiff provides no reference to record page numbers in his fact and argument sections, articulates no legal argument whatsoever, and includes no citation to legal authority. The rules of appellate procedure are mandatory (*McCann*, 2015 IL App (1st) 141291, ¶ 12), and *pro se* litigants such as plaintiff "must comply with the same rules and are held to the same standards as licensed attorneys" (*Holzrichter v. Yorath*, 2013 IL App (1st) 110287, ¶ 78). We will not apply a more lenient procedural standard to *pro se* litigants than to attorneys. *Id*. Accordingly, given the inadequacies of appellant's brief, it is within our discretion to dismiss the instant appeal. *McCann*, 2015 IL App (1st) 141291, ¶ 12. Nevertheless, we choose to address the appeal.

¶ 10    On review, we find the record inadequate for our consideration of the merits of the appeal. "The purpose of appellate review is to evaluate the record presented in the trial court, and review must be confined to what appears in the record." *People v. Canulli*, 341 Ill. App. 3d 361, 367-68 (2003). Plaintiff, as the appellant here, bears the burden to present a sufficiently complete

record to support his claim of error, and any doubts arising from the incompleteness of a record will be resolved against him. *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391-92 (1984). In the absence of a complete record, the reviewing court must presume that the trial court's judgment conformed to the law and had a sufficient factual basis. *Id.*

¶ 11    In this case, plaintiff appeals from the trial court's November 7, 2019, order. The common law record shows a hearing occurred on that date, with both parties present before the court. Plaintiff has failed to include in the record on appeal a transcript of those proceedings, or an acceptable substitute such as a bystander's report or agreed statement of facts pursuant to Illinois Supreme Court Rule 323(a), (c), (d) (eff. July 1, 2017). In fact, the record contains no reports of any proceedings. In the absence of a complete record, we cannot determine what evidence and arguments were presented to the court and have no record of the court's findings. Thus, we have no basis to disturb that judgment. We must presume the trial court's order of judgment for defendant was in conformity with the law and based upon the facts presented. See *Foutch*, 99 Ill. 2d at 391-92.

¶ 12    Based on the foregoing, we affirm the trial court's judgment.

¶ 13    Affirmed.